United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MICHELE BRADY,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX and MICHAEL R. BOULANGER,<br><br>Defendants. | Case No. 18-cv-07305-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 28 |

Plaintiff Frederick Michele Brady prevailed in this Fair Debt Collection Practices Act case and is entitled to attorneys' fees under 15 U.S.C. § 1692. Brady accepted defendants' $2,001.00 offer of judgment under Rule 68 but the parties have since failed to reach an agreement as to a reasonable amount of attorney's fees. Dkt. Nos. 25, 26, 28. Plaintiffs request a total of $20,330.05 in costs and fees, including time spent on briefing this issue, and defendants argue that $6,202.50 is the reasonable amount. Dkt. Nos. 28, 30, 31. The Court FINDS that plaintiff's counsels' total time spent on this case was reasonable but that the hourly rate requested for Brady's attorneys is not reasonable relative to prevailing market rates. The Court therefore awards plaintiff's counsel $14,765.05 in attorneys' fees and costs.

**I.   Background**

Brady filed his complaint in December 2018. Dkt. No. 1. Brady also filed a complaint in state court against the same defendants. Dkt. No. 30 at 1. Defendants filed

1 their answer in this case in April 2019. Dkt. No. 11. Brady amended his complaint, due to
2 inadvertently omitting information in the original, and defendants answered the amended
3 complaint. Dkt. Nos. 15, 18. The parties engaged in some discovery. In July 2019, Brady
4 accepted the defendants' $2,001.00 offer of judgment pursuant to Rule 68. Dkt. No. 25.

Plaintiff requests a total of $20,330.05 in costs and fees. Dkt. Nos. 28, 31. This sum consists of 23.4 hours worked by attorney Fred W. Schwinn at a rate of $650 per hour (totaling $15,210) and 8.4 hours worked by attorney Raeon R. Roulston at a rate of $550 per hour (totaling $4,620), plus $500.05 in costs. *Id.*

## II. Legal Standard

If a debt collector violates the FDCPA or Rosenthal Act, it is liable for costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code §§ 1788.17, 178830(c). Whether attorneys' fees are reasonable is determined by the "lodestar" method, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992); *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010).

## III. Discussion

### A. Hours Worked

The fee-seeking party has the initial burden to show that the hours expended on the case were reasonable, using time records documenting what tasks were completed. *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2017). The opposing party then has the burden of challenging the hours charged by specifically identifying defects in the requested hours; conclusory or unsubstantiated objections to the hours charged are insufficient. *Cancio v. Fin. Credit Network, Inc.*, Case No. 04-cv-03744-THE, 2005 WL 1629808, at *3 (N.D. Cal. July 6, 2005). The Court also conducts an independent review of the hours expended for reasonableness. *McGrath v. County of Nevada*, 67 F.3d 248, n.5 (9th Cir. 1995).

Plaintiff's counsel submitted billing records accounting for a total of 31.8 hours worked on this case, 23.4 by attorney Schwinn and 8.4 by attorney Roulston. Defendants

argue that this number of hours is unreasonable and excessive. Dkt. No. 30. Defendants point to other cases involving default judgments, arguing that the amount of work performed in those cases is similar to that performed here (essentially, a complaint and motion for fees). *Id*. at 15. Defendants cite to cases involving the same plaintiff's counsel that resulted in default judgments and that awarded fees for between 9.5 and 15.4 hours of work, suggesting that "the appropriate hours should be somewhere in the neighborhood of 9.5 hours to 15.4 hours, plus an additional hour to prepare cookie cutter discovery requests." *Id*. at 16.

Defendants' argument fails to meet the standard for contesting plaintiff's counsels' time spent on this case. Defendants do not specifically identify any inaccurate, duplicative, or excessive entries in plaintiff's counsels' billing records. Instead, defendants offer a "conclusory" objection to the total sum of hours. *Cancio*, 2005 WL 1629808, at *3. The Court's independent review reveals no duplicative or otherwise excessive billing entries. Therefore, the Court FINDS that plaintiff's counsels' time spent on this case— 23.4 hours by attorney Schwinn and 8.4 by attorney Roulston—was reasonable.

### B. Hourly Rates

A reasonable hourly rate is based on the "experience, skill, and reputation of the attorney requesting fees," in the context of "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). The burden is on the fee applicant to show that fees are in line with prevailing market rates. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Here, attorney Schwinn (with over 22 years of experience) requests $650 per hour and attorney Roulston (with over 12 years of experience) requests $550 per hour. Dkt. No. 28 at 11.

Very recently, a court in this District surveyed market rates for plaintiffs' counsel in FDCPA cases. *Bidwal v. Unifund CCR Partners*, Case No. 17-cv-02699-LB, 2019 WL 4039955 (N.D. Cal. Aug. 27, 2019). This survey included local practitioners with similar

years of experience in FDCPA litigation to counsel here. *Id.* at *4–6. The court there concluded that $475 per hour was a reasonable market rate for a plaintiff's attorney with 28 years of experience, and $375 per hour was a reasonable market rate for a plaintiff's attorney with under 20 years of experience. *Id.* at *8. The *Bidwal* case, like this one, involved a complaint and one amended complaint, but additionally included a status conference, mediation, and written discovery. *Id.* at *1–3. The court called *Bidwal* a "straightforward debt-collection case" and the relatively low complexity of the case factored into the court's analysis of the reasonableness of the fee rates. *Id.*

The Court finds that this, too, is a straightforward debt-collection case and, as such, the hourly rates requested by plaintiff's counsel are unreasonably high. The Court finds that plaintiff's counsel have not met their burden of showing that their fees are in line with prevailing market rates. The cases cited by plaintiff in his motion include cases that lasted much longer than this one, unpublished state court cases, class actions involving class certification motions and motions for summary judgment, cases with uncontested fee motions from settlements, cases that went up on appeal, and cases not based on the FDCPA. Dkt. No. 28 at 6–8. The Court is not persuaded by plaintiff's briefing that these cases are applicable here. Rather, the cases surveyed by the *Bidwal* court are of similar length, complexity, and subject matter, and are limited to cases in this District that are based on the FDCPA. As such, the Court FINDS in line with *Bidwal* that hourly rates of $475 for attorney Schwinn and $375 for attorney Roulston are reasonable. This also reflects a slight increase from this Court's previous order in *Skinner v. Mountain Lion Acquisitions, LLC*, Case No. 13-cv-0704-NC, finding rates of $450 per hour and $350 per hour reasonable for attorneys Schwinn and Roulston, respectively.

**C. Costs**

The FDCPA and Rosenthal Act award a prevailing plaintiff reasonable costs. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code 1788.30. Brady's counsel request $500.05 for costs including the court filing fees and various administrative expenses. The Court FINDS that these costs are reasonable.

4

## IV. Conclusion

The motion for attorney's fees is GRANTED IN PART and DENIED IN PART. The Court awards the following attorneys' fees and costs:

- 23.4 hours at $475 per hour for attorney Schwinn, totaling $11,115;
- 8.4 hours at $375 per hour for attorney Roulston, totaling $3,150; and
- costs of $500.05;

for a total of **$14,765.05.**

**IT IS SO ORDERED.**

Dated: October 25, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge